[Civ. No. 9850. First Appellate District, Division Two.—October 9, 1935.]

JUAN FUENTEZ, Appellant, v. FRANK J. HENNESSY, as Executor, etc., Respondent.

Stephen F. Gallagher and Phillips & Munck for Appellant.

Frank E. Powers and Marchetti & Marchetti for Respondent.

SPENCE, J.—This is an appeal by plaintiff from a judgment in favor of the defendant executor in an action brought upon a rejected claim. The sole question raised on this appeal involves the propriety of the trial court's finding to the effect that the claim was barred by the provisions of subdivision 1 of section 337 of the Code of Civil Procedure.

The claim was based upon a written instrument executed in 1918 which reads as follows:

"W. H. Dupee
Santee
California.

"Oct. 29, 1918.

"I hereby agree to pay to Juan Fuentez the sum of Seventy five hundred dollars on the date I receive the amt. to be left

to me by my father John Dupee providing I am unable to settle the amt due Juan Fuentez before my fathers death and in which case I would only be obliged to pay the amt which is $2700. to date.

"W. H. DUPEE

"In case of Juan Fuentez death the above amt. stated is to be paid by me to any member of his family he may designate. In case of my death the amt shall come from my estate.

"W. H. DUPEE"

The claim was presented and the action was commenced after the death of W. H. Dupee in 1933. It was alleged in the amended complaint that John Dupee, the father of W. H. Dupee, died in 1922 and that the amount due plaintiff had not been settled or paid at the time of the death of said John Dupee. It was further alleged that "said W. H. Dupee did not receive from his said father or from his father's estate, or in any manner whatsoever, any money or other property". This last-mentioned allegation was denied by the answer and it was affirmatively alleged that on November 23, 1923, $10,000 was distributed to said W. H. Dupee by the decree of distribution in the estate of said John Dupee and that on November 24, 1923, said sum was paid to said W. H. Dupee in full of his distributive share of said estate. It was also alleged in the answer that the claim was barred by the provisions of subdivision 1 of section 337 of the Code of Civil Procedure.

It will thus be seen that the question of whether the statute of limitations had run when the claim was presented in 1933 depends upon when the cause of action accrued. The uncontradicted testimony shows that W. H. Dupee received the sum of $10,000 in 1923 under the decree of distribution in his father's estate and if the cause of action accrued at that time, then the claim was barred.

While appellant concedes that W. H. Dupee received said sum on November 24, 1923, and executed a receipt for $10,000 in full of his "distributive share of the said estate", he points to certain further facts and contends that the cause of action did not accrue at that time. It appears that said John Dupee did not will any property of any kind directly to said W. H. Dupee, but he did create a spendthrift trust from which said W. H. Dupee was to receive the income. It further appears that by consent of all parties involved in the probate pro-

ceedings, the probate court distributed said sum of $10,000 to said W. H. Dupee "as and for income accrued upon said estate during the administration thereof".

We are of the opinion that the cause of action upon said written instrument accrued when said W. H. Dupee received said sum of $10,000 under the decree of distribution in 1923 and that the trial court correctly concluded that the claim was barred by the statute of limitations when presented to respondent in 1933. The written instrument was an unusual one, but it is apparent that the parties intended to fix the time of payment for the time when it was contemplated that W. H. Dupee would be enabled to pay the sum agreed upon through distribution of his father's estate. That time arrived when W. H. Dupee received the $10,000 under the terms of the decree of distribution in 1923 and appellant could have brought an action upon said instrument at any time thereafter. No action was brought during the lifetime of W. H. Dupee and the claim was barred when presented to his executor approximately ten years after the cause of action had accrued.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 5, 1935.